McDONALD and others, Appellants, vs. BYRNES and others, Respondents.

*October 3—October 24, 1911.*

*Partition of land: Sale: Defective notice: Refusal of purchasers to accept: Conditional order for resale.*

1. Where, by mistake of a scrivener, the notice of a partition sale of land described a tract different from that ordered to be sold, the sale, if not void, was at least irregular and defective, and the purchasers, not being themselves at fault, were justified in refusing to take and pay for the land.
2. An order directing a resale in such a' case should not be made conditional upon the purchasers at the former sale taking the land at the price then bid in case it did not bring such price at the resale. *Kremer v. Thwaits*, 105 Wis. 534, distinguished.

APPEAL from an order of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

The question presented here is simple and requires no detailed statement of facts. The action is partition. The trial court decided that the land could not be actually partitioned among the various owners without injury, and made an order of sale. The land consisted of three forty-acre parcels lying contiguous to each other. By mistake of the scrivener the notice of sale left out one of the forties and inserted another forty which was not owned by the parties. The sale was held, and the appellants, who are also plaintiffs, bid in the premises in one parcel for $5,175. The mistake in the notice was then discovered, and the appellants declined to pay the purchase price on account of the mistake. The sheriff's fees upon the sale were paid by appellants' attorneys, who had prepared the defective notice, and motion was immediately made for an order refusing to confirm the sale and directing a new sale. The court ordered a resale "upon condition that if upon said resale the premises do not bring the said sum of $5,175" the appellants shall take them at their former bid of

$5,175.   From that part of the order imposing the above condition this appeal is taken.

For the appellants the cause was submitted on the brief of *Sawyer & Sawyer.*

For the respondents there was a brief by *John A. Kelly* and *Newton W. Evans,* and oral argument by *Mr. Kelly.* They cited, among other cases, *Woodhull v. Little,* 102 N. Y. 165, 6 N. E. 266; *Bostwick v. Van Vleck,* 106 Wis. 387, 82 N. W. 302; *Packard v. Kinzie Ave. H. Co.* 105 Wis. 323, 81 N. W. 488; *Veit v. Meyer,* 105 Wis. 530, 81 N. W. 653; *Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654; *Warren v. Foreman,* 19 Wis. 35; 12 Am. & Eng. Ency. of Law (1st ed.) 210, note 6, 212 and notes; *Dillard v. Jones,* 229 Ill. 119, 82 N. E. 206, 11 Am. & Eng. Ann. Cas. 82; Wiltsie, Mortgage Foreclosures, § 548.

WINSLOW, C. J.    We are clearly of opinion that the court should not have imposed the condition.    The notice of sale is an essential link in the chain of title.    In the present case a part of the land was entirely omitted from the notice and a parcel of foreign land included.    The notice described substantially a different tract of land from that ordered to be sold.    It is unnecessary to hold that the sale was void on account of the failure to give the statutory notice, although that would seem to be the necessary effect of the decision in *Collins v. Smith,* 57 Wis. 284, 15 N. W. 192.    Certain it is that through no fault of the appellants themselves the sale was irregular and defective.    They were entirely justified in refusing to perfect the sale and pay in their money when they would only obtain a defective title.    It may be admitted for the purposes of the case that equity would have power to correct the error in an action brought for that purpose, and perhaps by motion in this action, but the purchaser is entitled to something more for his money than a defective title coupled with the material for a successful lawsuit.

The cases where courts have in the exercise of discretion

24] . . AUGUST TERM, 1911. 141

White v. Minneapolis, St. P. & S. S. M. R. Co. 147 Wis. 141.

relieved purchasers from carrying out improvident bids resulting from mistake on the part of the purchasers, and have made such relief conditional upon payment of some substantial sum or sums of money to indemnify the other parties interested (*Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654), have no bearing on the question here. The appellants were entitled to a deed based on regular proceedings in exchange for their money. The resale should have been ordered without condition.

It is said that it does not appear that the record contains all the papers used on the application for the order as required by sec. 3050, Stats. (1898), but on examination of the record we find that the clerk has properly certified that all the original papers used by each party upon the application have been transmitted to us.

*By the Court.*—That part of the order appealed from is reversed, and the action remanded for further proceedings according to law.