MAAS, Respondent, vs. W. R. ARTHUR & COMPANY, INC., and another, Appellants.

*January 13—February 10, 1942.*

582

For the appellants there were briefs by *Bender, Trump & McIntyre,* attorneys, and *Rodger S. Trump* of counsel, all of Milwaukee, and oral argument by *Mr. Trump.*

For the respondent there was a brief by *Sanville & Cohn* of Milwaukee, and oral argument by *Milton M. Cohn.*

FOWLER, J.    The action is brought to recover from W. R. Arthur & Company, Inc., and its insurer, for injuries sustained by the plaintiff in a collision of his automobile which he was driving with a truck driven by a servant of the defendant, W. R. Arthur & Company, Inc.

Two propositions are involved: (1) The plaintiff-respondent moves to dismiss the appeal for want of proper service

of notice of appeal upon respondent's counsel. (2) The appellant contends that the judgment is erroneous.

(1) The ground of the motion to dismiss is alleged failure of the defendants to serve a notice of appeal on plaintiff's counsel. The affidavit of the movant on which the motion is based stated as grounds for the motion that "said defendants have failed to perfect the appeal from" the judgment "in that they failed to serve upon the said plaintiff, or his attorneys, a notice of appeal and undertaking for costs as required by the provisions of section 274.11 of the Wisconsin statutes, and that the time within which said defendants may have served the same has expired." The contention is that the alleged failure so to serve the notice and undertaking within the time limited by statute deprives this court of jurisdiction and necessitates dismissal under the rule of *Bond v. Breeding,* 234 Wis. 14, 290 N. W. 185; *Stevens v. Jacobs,* 226 Wis. 198, 275 N. W. 555, 276 N. W. 638, and numerous other cases cited.

The appellants in opposition to the motion by affidavit show that an attempt was made to serve a proper notice and undertaking upon plaintiff's counsel within the statutory period. They claim that the service attempted was sufficient and also that the service was waived under sec. 269.51 (1), Stats., as it appears that an appeal was attempted in good faith. That the appeal was attempted in good faith is manifest, and the movant does not dispute the facts as to the attempted service. These facts are that appellants' counsel took a proper notice and undertaking to the office of plaintiff's counsel, Messrs. Sanville & Cohn, with intention of delivering them to and leaving them with Mr. Cohn, who tried the case and whom appellants' counsel knew personally, but had not met Mr. Sanville. Mr. Cohn was not in, nor was any clerk of the firm present, but Mr. Sanville was in his office adjacent to the firm's reception room, to whom appellants' counsel stated that he had some papers to serve and requested that Mr. Cohn

sign the acceptance of service indorsed on the original papers and return the originals to him, and left both the original and copies on the waiting-room desk in sight of Mr. Sanville. The originals were returned to appellants' counsel, but the acceptance of service was not signed. Appellants' counsel did not notice that the acceptance was not signed. The copies were not returned. The facts relied on to constitute waiver are that plaintiff's counsel signed a stipulation for settling and received and retained a copy of the bill of exceptions, and signed an acceptance of service of and retained copies of the appellants' printed case and received and receipted in writing for three copies of the appellants' briefs in this court.

Passing the contention that the service of the appeal papers was sufficient, we consider that under *Sauer Hide Co. v. Stein,* 174 Wis. 185, 182 N. W. 847, the movant waived the defect in the attempted service of the appeal papers if any there was and conferred jurisdiction on this court. The decision cited was based on sec. 269.51 (1), Stats. The respondent in that case, before moving to dismiss the appeal, had accepted service of the case and briefs and stipulated in writing for a continuance of the case from the August to the January term of the court. This was held a waiver and to confer jurisdiction under the statute cited. This statute provides that—

"When an appeal . . . is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court. If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

Here upon like reason the respondent's counsel by their acts stated so "participated" in the appeal proceedings before

moving to dismiss the appeal as to waive irregularities in serving the notice of appeal upon them if there were any.

Respondent contends that sec. 269.51 (1), Stats., does not apply to appeals to the supreme court and suggests that it does not appear from the *Sauer Hide Co. Case, supra,* that this point was there considered. The basis for the contention that the section does not apply to supreme court actions is that it is incorporated in a title of the statutes having to do with circuit court practice. The statute was enacted by ch. 219, Laws of 1915. Examination of its legislative history, as shown by the file in the secretary of state's office, shows that respondent's contention cannot be upheld. This chapter was introduced by the judiciary committee of the senate pursuant to a report and recommendation signed by all members of the supreme court as then constituted made pursuant to a request made to the court by the 1913 legislature. The report had annexed to it a proposed bill. The proposed bill is the identical bill introduced by the judiciary committee of the senate and enacted into law. Ch. 219, Laws of 1915, was "An act to simplify and expedite legal procedure, amending sections . . . [designating sections relating to circuit court procedure] and adding four new sections. . . ." One of the new sections was sec. 2836a, Stats. 1915, and is now sec. 269.51 (1) and another was sec. 3049a, Stats. 1915, and is now sec. 274.12. These two added statutes are general in their terms. There is nothing in either of them to indicate that they were intended to be limited to circuit court procedure. Sec. 274.12 specifically declares that it applies to appeals to the supreme court. There is as much reason for applying sec. 269.51 (1) to supreme court appeals as to apply sec. 274.12 to such appeals.

The *Sauer Hide Co. Case, supra,* was decided by the court when five of the justices who signed the report were still members of the court. In view of this we assume that the members of the court in making its ruling acted advisedly and considered that the legislature did not intend to limit the ap-

plication of sec. 269.51 (1), Stats., to circuit court procedure. The fact that the two new sections of ch. 219, Laws of 1915, referred to were given numbers consecutive with statutes relating to circuit court procedure is under the circumstances stated entirely without force.

The respondent contends that under the rule of *Stevens v. Jacobs, supra,* and other cases which might be cited where requisite appeal papers were not served during the period limited by statute for perfecting an appeal, this court was without jurisdiction. Not so. There was here a good-faith attempt to serve all proper papers requisite for an appeal within the statutory time. Sec. 269.51 (1), Stats., provides for a waiver in such case. In the *Stevens Case,* and others of untimely appeals, no attempt was ever made to serve any notice of appeal on a necessary party to the appeal. Sec. 274.32, which provides for amendment of appeal papers, also has bearing upon the instant case. See *Wenzel & Henoch Construction Co. v. Wauwatosa,* 226 Wis. 10, 275 N. W. 552; *Guardianship of Moyer,* 221 Wis. 610, 267 N. W. 280; *Ladegaard v. Connell,* 229 Wis. 36, 281 N. W. 656. *Estate of Fish,* 200 Wis. 61, 227 N. W. 272, is cited by respondent to the point that where notice of appeal has not been timely served this court does not acquire jurisdiction although the respondent stipulates waiving the want of service and affirmatively requests that the court take jurisdiction. It is urged that if the party cannot waive by stipulation he cannot waive by conduct under a statute. There is a difference. The effect of a waiver by conduct creating a statutory waiver is in effect a conferring of jurisdiction by the statute, not by action of the court dispensing with timely service. It must be conceded that the cases are not free from apparent conflict. It is urged by respondent that in the *Stevens Case, supra,* the court applied sec. 274.32, and held sec. 269.51 (1) inapplicable. The latter section is referred to in the opinion, and it is there stated that "it does not reach the matter of

serving a notice of appeal within the statutory period." It would have doubtless been more accurate to say the statute does not reach the matter when no attempt at service within the statutory period has been made. There was no *attempt* in the *Stevens Case* to serve upon one necessary party. Here there unquestionably was a "good-faith attempt to serve" and the only claim of respondent is that the attempt did not constitute service.

(2) The case involves a collision between a passenger automobile driven by the plaintiff and a truck of the defendant W. R. Arthur & Company, Inc., driven by its servant which occurred in a street intersection. The vehicles were traveling in the same direction. The truck was at the left of the car at the moment of and immediately prior to the collision. The plaintiff attempted a left turn in front of the truck to go upon the intersecting street. The special verdict inquired whether, (1) the truck driver "at or just prior to the time of the collision" was negligent with respect to, (a) "in attempting to overtake and pass the car . . . at the intersection," and (b) "control and management." To both of these questions the jury answered "Yes," and by subsequent questions found that the negligence thus found was causal.

The form of (a) of this question stated is fatally defective because by using the word "in" it assumes that the driver of the truck attempted to pass at an intersection. In submitting the issue of passing at an intersection either the question should have been definitely put whether the truck driver attempted to pass, or if not so submitted the word "in" should have been omitted and the question should have read "Was the driver negligent" in respect to "passing at an intersection?" Respondent contends the question was proper under *Guth v. Fisher,* 213 Wis. 323, 251 N. W. 223. But the verdict there was: Was the defendant negligent in operating his automobile in the following particulars: In respect to (a), (b), and (c). This form does not assume any kind of negli-

gence; it merely inquires whether there was negligence in any one of the several respects stated.

It is also claimed that a nonsuit should have been granted because the plaintiff under the undisputed evidence violated each of two statutory provisions, (a) as to turning from his own into defendant's traffic lane when it was not safe to do so, sec. 85.16 (2), Stats., and (b) in turning to the left at an intersection from a point not immediately to the right of and next to the center of the street in which he was traveling, sec. 85.17 (2), and because there is no evidence of negligence of the driver of the truck.

We consider that the evidence presented a jury question as to the truck driver attempting to pass the plaintiff at an intersection, as to plaintiff's turning from his traffic lane without first ascertaining that the turn could be made with safety to vehicles approaching from the rear, and as to not starting his left turn from immediately next and at the right of the center of Church street. We see no need to detail the evidence in these respects.

*By the Court.*—The motion to dismiss the appeal is denied; the judgment of the circuit court is reversed, with directions to vacate the judgment and order a new trial.