GUARDIANSHIP OF MESSER: FUNK, Guardian, Appellant, vs. WALKER, Guardian *ad litem,* Respondent.

*January 16—February 13, 1945.*

For the appellant there were briefs by *Bogue, Sanderson & Kammholz* of Portage, and oral argument by *David Bogue.*

*Dorothy Walker,* guardian *ad litem,* of Portage, for the respondent.

WICKHEM, J.    This case is a retrial of a proceeding in the same court, judgment in which case was reviewed by this court in *Guardianship of Messer,* 242 Wis. 66, 7 N. W. (2d) 584. Upon the former trial the lower court made an allowance to the general guardian based upon the statutory fee schedule applicable to trust companies.    The amount allowed was $2,116.36.    This court held without expressing any opinion as to the reasonableness of the allowance that the issues had not been tried; that the question to be tried was the reasonable value of the services under sec. 319.37 (1), Stats., providing:

"Every guardian shall be allowed the amount of his reasonable expenses incurred in the execution of his trust and he shall also have such compensation for his services as the court in which his accounts are settled shall deem to be just and reasonable. . . ."

The court then laid down the factors which were to be considered in determining the amount of compensation.

In Restatement, 1 Trusts, p. 740, sec. 242, it is said:

". . . Among the circumstances to be considered in determining the amount of compensation are: (1) the amount and character of the trust property; (2) the extent of the risk and responsibility of the trustee; (3) the character of the services rendered by the trustee; (4) the degree of difficulty in administering the trust; (5) the skill and success of the trustee in administering the trust; (6) the statutory rates of compensation for executors and administrators. . . ."

Reference is made to the former opinion for a statement of most of the facts, but a brief summary here may avoid the necessity of re-reference. Appellant was appointed general guardian in 1926 and the period under review is about fifteen years during which the property was handled by him. At the time appellant took over, the property totaled $27,349.38 appraised value. This included a farm appraised at $10,000, personal property $2,848.50, and other personal property consisting of stocks, bonds, notes, etc. At the end of the period the property was appraised at $48,934.97. There was an increase in value of capital during the fifteen years of nearly $22,000. The total gross income from the whole period from the trust during the fifteen years was $24,756.39. The court allowed the general guardian $2,717.60 as compensation.

The striking feature of the case from the standpoint of the general guardian has been the excellence of his performance. He handled this property during the depression with virtually or absolutely no loss to the estate and the estate appreciated over the whole period by some $22,000. It appears to be his

contention that the excellence of his handling deserves a higher compensation than the court gave him and his claim is for a fee of $5,408.93.

We have examined the record in this case carefully, and are of the view that the trial court canvassed and considered all of the elements laid down upon the previous appeal as bearing upon the reasonableness of the guardian's compensation; that there is not only evidence to sustain the trial court's conclusion, but that the findings are not against the great weight and clear preponderance of the evidence.

There was testimony that appellant's services were worth even more than he claimed. There was testimony that a minimum charge for trust companies operating in larger cities would have been some $400 more than the court allowed him. The appellant's reconstructed detail of per diem charges was considerably larger than the court allowed, and in some instances, larger than his earlier accounts show. His testimony as to mileage was in some respects larger than the court allowed. However, there was also evidence by persons in the vicinity, experienced in the handling of such trust estates, that a sum considerably smaller than that allowed by the court would amply recompense a guardian; that the amount charged for per diem was too great; that the mileage was excessive; that trust companies in the vicinity would have charged considerably less; that the services were not extraordinary or onerous after the first year or so because the property was invested in ordinary bonds and securities requiring very little attention, and because the ward himself required very little personal attention from the guardian. The amount claimed by guardian would amount to some twenty-two per cent of the gross income which would appear to us to be an unusually large fee for services which the most of the time were not extraordinary or burdensome. The compensation allowed amounts to more than ten per cent of the gross income, which is almost twice the five per cent fee assumed by the court on

the first trial to be a standard fee. We consider this justified because of the exceptional quality of the services, but we cannot say that more should have been allowed.

A great deal of emphasis is put upon the fact that the capital of the estate increased some $22,000 during the guardianship. However, it should be pointed out in this respect that $14,000 of this increase represented annual income unused by the ward and consequently reinvested. It will not unduly diminish the credit to the guardian for an exceptionally good piece of work to point out that this amount cannot be considered to have been produced by his efforts.

Some emphasis is put upon the fact that *ex parte* understandings were had with the former county judge as to the amount which the guardian was to charge and that this understanding was in approval of the amount actually charged and claimed by the guardian. It is obvious, of course, that while this bears upon the good faith of the guardian, the matter is not one of contract and the trial court, at least without notice, could not make such an arrangement. It is strongly to be doubted if he could make it in any event. It was impliedly held upon the former appeal that this matter was not in the case upon retrial. We conclude that the evidence sustains the findings and that the judgment must be affirmed.

The next question is raised by a notice to review. The trial court charged interest of three per cent on amounts surcharged to the guardian. We consider that this was within the trial court's discretion, and that in view of his good faith and the reasonable character of the questions raised over his fee, as well as his understanding with the former county judge and the present prevailing low rates of interest, it was within the court's discretion to charge the low rate of three per cent rather than the legal rate of six per cent.

It is finally contended that the costs of this appeal should be imposed upon the general guardian and he should be required to pay his own attorney's fees and expenses. We do not meet

this as an original proposition. This court upon the first appeal considerately and deliberately laid down the proposition that this claimant was entitled to the amount of his reasonable expenses for attorney's fees sustained in establishing the reasonableness of his fees. Upon the previous appeal in this case the court made the following statement (242 Wis. 66, 71) :

"Sec. 319.37 (1), Stats., above quoted, provides that every guardian shall be allowed the amount of his reasonable expenses incurred in the execution of his trust. This includes reasonable attorney fees as well as other expenses. Where a guardian acts in good faith, renders his annual account to the court, showing his annual receipts and disbursements, when the reasonableness of his fees for services and expenses is challenged and he is called upon to defend against surcharging his account, and the only issue being the reasonableness of his fees and expenses, he is entitled, as a matter of right, to legal services in his behalf, and entitled to credit therefor in a reasonable sum in his guardianship account. If the guardian did not act in good faith and was derelict in the performance of his duties, in that situation he should defend his conduct at his own expense. The guardian in the instant case has executed his trust exceptionally well."

While the above statement is broad enough, taken literally, to warrant an award of costs to the general guardian upon this appeal, it was not intended to be so all inclusive. The statement was addressed to the question whether an allowance by the trial court to the general guardian of his attorney's fees in that court should stand. The guardian had costs upon the appeal to this court because he prevailed. We hold that in this case the guardian is entitled to the expenses and attorney's fees for the retrial of the cause in the lower court, these to be fixed by the trial court. He has, however, had the benefits of the retrial upon the basis of this court's former opinion, and the costs upon this appeal must go with the result.

*By the Court.*—Judgment affirmed. General guardian to be allowed reasonable expenses and attorney's fees for the trial

432

below, to be fixed by the trial court. Record is remanded to the trial court for this purpose. Respondent to have costs upon this appeal.