ESTATE OF SWEENEY: SWEENEY and others, Appellants,
vs. UNION STATE BANK, Respondent.

*September 13—September 21, 1945.*

For the appellants C. A. Sweeney, William Loy, Donald Loy, Virgil Loy, and Leon Loy there was a brief by *Rieser & Mathys* of Madison, and oral argument by *R. M. Rieser.*

For the cross-appellants Loretta Eastman, Nellie Allen, Katherine Sweeney, and Julia Sweeney there was a brief by *Hill, Beckwith & Harrington* of Madison, and *George B. Clementson* of Lancaster, and oral argument by *John Harrington.*

*Harry E. Carthew* and *Donald J. McIntyre,* both of Lancaster, for the respondent, Union State Bank.

ROSENBERRY, C. J. This matter is before us on a motion to dismiss the appeal of C. A. Sweeney, William Loy, Donald Loy, Virgil Loy, and Leon Loy from certain parts of the judgment of the county court of Grant county entered February 15, 1945. In connection with the disposition of this matter, we shall not state all of the facts but only such as are necessary to disclose the question for decision.

Richard J. Sweeney was a former justice of the peace of Lancaster, Wisconsin, of many years' experience. He accumulated an estate of approximately $100,000. On June 15, 1939, he executed a will by which he gave all of his property, after usual expense and debt deductions, to his four sisters, the

appellants herein. In addition to these sisters, he was survived by a number of nieces and nephews, children of four deceased brothers and sisters. On October 10, 1943, he executed a second will. This will expressly revoked all previously drawn wills and named the Union State Bank of Lancaster as trustee. It gave to the same sisters a life income and the remainder to the bishop of the diocese of La Crosse.

Sweeney died January 5, 1944, and on January 12, 1944, two of the surviving sisters filed a petition to probate the will of June 15, 1939. During the course of the hearing on this application counsel made known the fact that a subsequent will had been executed in 1943 and destroyed. The court directed the Union State Bank of Lancaster, trustee named in the will, to present the 1943 will for probate. The beneficiaries of the will of June 15, 1939, filed objections to the probate of the will of October 10, 1943.

There was a trial, and upon the trial the court found that the will of Richard J. Sweeney, executed June 15, 1939, was revoked by the will executed by him on October 10, 1943, and was not revived or validated by the destruction of the later will; that said will of October 10, 1943, was not revoked by said testator; and that letters testamentary should be granted to the Union State Bank of Lancaster, Wisconsin. Judgment was entered accordingly.

On March 7, 1945, C. A. Sweeney, William Loy, Donald Loy, Virgil Loy, and Leon Loy, heirs of the deceased, appealed from—

"the whole order rendered and entered in the above-entitled matter in the county court for the county of Grant on the 8th day of January, 1945, admitting to probate a certain instrument as and for the last will and testament of the said Richard J. Sweeney, deceased, as reconstructed from the evidence and from the judgment and decree of the court entered upon said order on the 15th day of February, 1945."

This notice was addressed as follows:

"TO:
.Donald J. McIntyre, attorney for
the Union State Bank, proponent
of will of 1943.
George B. Clementson and Hill, Beckwith
& Harrington, attorneys for the proponents
of the will of June, 1939, for the four
sisters of the deceased: Mrs. Loretta
Eastman, Mrs. Nellie Allen, Katherine
Sweeney, and Julia Sweeney.
And to the judge and clerk of the county court
for Grant county, Wisconsin."

On March 8, 1945, service of the notice of appeal was made upon the persons who had appeared in the action. No service was made upon the heirs who had not appeared. After the service of the notice of appeal, opposite counsel took part in settling a bill of exceptions and stipulated that the bill so settled might be used on appeal. Counsel likewise admitted service of the brief of counsel for appellants, Sweeney *et al.*

On March 10, 1945, Loretta Eastman, Nellie Allen, Katherine Sweeney, and Julia Sweeney appealed from certain parts of the judgment, which was likewise served only on appealing parties who had appeared.

On August 27, 1945, attorneys for the Union State Bank gave notice of a motion to dismiss both appeals because no service of the notice of appeal had been made upon the following persons: Edward Sweeney, Harold Sweeney, Martin Sweeney, Frank Sweeney, Leon Sweeney, Jay Sweeney, Alexander Sweeney, Carl Sweeney, Thomas Sweeney, John Sweeney, heirs at law of deceased, and James Sweeney, a legatee under the will of June 15, 1939. That service upon the bishop of La Crosse, an adverse party, was not made until August 16, 1945, after the time for taking an appeal had ex-

pired. That no notice was served on James Sweeney or his legal representatives, he being a legatee under the 1939 will. Briefs have been received from counsel of the respective parties and the matter was orally argued before the court.

The motions to dismiss are based upon secs. 274.11 and 274.12, Stats. 1943, which, so far as material here, are as follows:

"274.11 (1) An appeal is taken by serving a notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered. . . .

"274.12 In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment. . . ."

An attempt is made to sustain the appeal under the provisions of sec. 269.51 (1), Stats.:

"When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court. . . ."

It has been held that the notice of appeal must be served upon every party whose interest is adverse to the interest of the appellants. *Stevens v. Jacobs* (1937), 226 Wis. 198, 275 N. W. 555, 276 N. W. 638.

In *Estate of Pitcher* (1942), 240 Wis. 356, 361, 2 N. W. (2d) 729, it was said:

"Because the service of a notice of appeal within the period allowed by statute is an absolute prerequisite of appeal, and this court is without jurisdiction to entertain an appeal which is ineffective because of the absence of service of notice thereof on all necessary adverse parties within the period prescribed

therefor by the statute, we are without power to allow appellant to serve notice of appeal on such parties after the expiration of that period."

It is clear that under the cases cited the appeal of C. A. Sweeney *et al.* is ineffective and the court acquired no jurisdiction by virtue of it.

The parties not served, except the bishop of La Crosse, have in no way appeared in this court. What other parties have done cannot in any event be held to be a waiver of the rights of those parties who have not appeared and who have not participated. Sec. 269.51, Stats., can only apply where there has been a service of a notice within the time prescribed by statute, unless a party has participated in a proceeding in this court. Then the right of appeal does not come from the extension of time but from the statute itself. *Maas v. W. R. Arthur & Co.* (1942) 239 Wis. 581, 586, 2 N. W. (2d) 238. The heirs not served have not appeared in any way.

However, the appellants, C. A. Sweeney *et al.* ask leave to have the record remanded to the trial court for the purpose of enabling them to apply for an extension of time for appeal.

Sec. 324.05, Stats., provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; . . . but the order therefor must be made within one year after the act complained of."

The time within which an application for extension of time may be made does not expire until the 15th day of February, 1946. It is apparent that the appeals in this case are not frivolous and were made in good faith.

Whatever matter of excuse for failure to comply with the statute the appellants may offer is a matter for the consideration of the trial court on the filing of an application for extension of time. The power of this court is limited to remanding the record for further consideration.

*By the Court.*—It is therefore ordered that the motions to dismiss the appeals be and they are hereby granted and the appeals are dismissed without prejudice. The clerk of this court is directed to return the record to the county court of Grant county forthwith, for the purpose of enabling the appellants to make application for an order extending the time within which an appeal may be perfected.