Estate of White: White and others, Appellants, vs. Austin, Administrator *de bonis non,* and another, Respondents.

*February 7—March 7, 1950.*

468

For the appellants there were briefs by *Wm. M. Johnston* of Cedar Rapids, Iowa, and *Masters, Hansen & Krembs* of Sparta, and oral argument by *Mr. Johnston.*

For the respondent L. E. Austin there was a brief by *Donovan, Gleiss, Goodman, Breitenfield & Gleiss* of Sparta, and oral argument by *L. J. Goodman.*

BROWN, J.    The first problems have to do with our jurisdiction and with the rights of parties to be heard.    The respondent administrator *de bonis non* questions the jurisdiction of this court to hear the appeal and the appellants say

that such administrator is not an interested party and has no right to question or assert anything.

Jurisdiction is always of concern to us and if it is suspect it does not matter who calls a supposed defect to our attention. We will examine the record in such detail as may be necessary for us to come to a conclusion. The administrator points out that unless an extension of time to appeal is allowed by the county court under sec. 324.05, Stats., which did not occur here, sec. 324.04 (1) limits the time within which an appeal may be taken from an order or judgment of a county court to sixty days from its entry, and sec. 274.11 directs that service of notice of the appeal be made within such time on each adverse party who has appeared in the proceeding. He says that respondent White is such a party and was not served until September 14, 1949, four days after the sixty days had elapsed: *ergo,* the appeal was not perfected within the time limited and must be dismissed.

Sec. 269.51(1), Stats., provides that a respondent waives all objections to the regularity and sufficiency of an appeal or to the jurisdiction of the court if he participates in any proceedings in the appellate court before moving to dismiss the appeal. The record shows that respondent, White, by his attorneys, Donovan, Gleiss, Goodman, Breitenfield & Gleiss, admitted service of appellants' brief and appendix on December 7, 1949, and on the same day respondent Austin, by the same attorneys, admitted like service. No motion was made to dismiss the appeal until December 22, 1949, when respondent administrator so moved. The record does not show that the briefs were ever returned or that the service was repudiated or that White has done anything herein after counsel admitted service of the brief as his attorney. Such acceptance and retention of briefs was held to be a participation in proceedings in the appellate court in *Maas v. W. R. Arthur & Co.* (1942), 239 Wis. 581, 2 N. W. (2d) 238. There the respondent also took part in settling the bill

of exceptions, but that is a proceeding in the trial court (*Kitchenmaster v. Mutual Automobile Ins. Co.* (1946), 248 Wis. 335, 338, 21 N. W. (2d) 727), and as such has no influence on the question. The participation in the appellate court before moving to dismiss was the same in the *Maas Case* as it is at present and we follow the rule that we applied then, that objection to jurisdiction was waived and thereby sec. 269.51(1) conferred upon the supreme court jurisdiction of the appeal. See also *Estate of Sweeney* (1945), 247 Wis. 376, 19 N. W. (2d) 849.

Having held that appellants are properly before us, we reach their contention that the administrator, who is the only respondent to file a brief or make oral argument, is not a party who can oppose their appeal. They refer us to *Estate of Bailey* (1931), 205 Wis. 648, 238 N. W. 845, which questions, though it does not decide, the right of an administrator who is not aggrieved by a judgment to appeal from it. It is still unnecessary to decide whether sec. 324.01 (2), Stats., gives such an administrator the right of appeal because the administrator here is not appealing. We would not have summarily reversed the learned county court if no one had appeared in support of its judgment but would have felt bound to examine the record and apply the law as well as we could. It is, of course, unusual that respondent White, whose interests require the judgment to be affirmed, has not supported it, while respondent Austin who, as administrator, is theoretically indifferent to the result, presses upon us the arguments we would have expected to hear from White. Nevertheless, for our own satisfaction if no more, our decision must be tested against the points he has made and we have carefully considered what he has to say. We have often done as much for *amici curiae*.

Appellants submit that in 1949 the county court cannot alter or set aside or replace the final judgment it entered in 1929. We have concluded that this is true since only error

and no lack of jurisdiction, fraud, or imposition on the court is charged against it. We so held in *Will of Brandstedter* (1929), 198 Wis. 457, 224 N. W. 735, whose facts were much the same as they are in the present matter. Brandstedter's will provided a life estate to the widow with remainder to the children. The final judgment, in 1897, assigned the widow the fee. In 1927 the widow died and a child who had been *sui juris* since 1901 petitioned the county court to amend the final judgment. His petition was denied and he appealed. We held that the county court had power to construe the will in the final judgment; and that the construction given the will in the final judgment was binding upon the parties interested in the estate until reversed or set aside in some proceeding which constituted a direct attack upon it. The application to amend the final judgment could not serve the purpose of an appeal and the time for appeal had long since expired. Accordingly, we affirmed the order denying the application.

In the present case, long after the expiration of the time in which an appeal might be taken and, as far as the record shows, solely to correct error in that part of the earlier final judgment which assigns the estate, the county court construes the will and enters a new judgment in which it adjudges the first one to be "of no force and effect" and "none of the persons to whom said judgment pretended to assign a portion of the property in this estate acquired any interest whatsoever in and to said property" thereby. Thereupon it assigned the estate to the respondent Alfred White. Respondent administrator, and the learned county court in the decision filed with its judgment, tell us that in *Will of Inbusch* (1927), 193 Wis. 10, 212 N. W. 634, we permitted a construction of a will ten years after the entry of final judgment. A careful reading of that case will show this to be a misapprehension of what was done. The *Inbusch* final judgment repeated verbatim, in the assignment of property, the language of the

bequests in the will. The later proceeding was a construction of the judgment rather than of the will. Quoting from page 13 of the *Inbusch* opinion, it was "a construction of the language of the will which is incorporated into the final judgment." The *Inbusch Case* would be in point only if in 1929 this county court had assigned the residue of the White estate by repeating in the assignment clauses of the final judgment paragraphs Third, Fourth, and Fifth of Jabez White's will and the administrator was now asking the court what they meant. The county court did not do that in 1929. It determined the meaning of those paragraphs to be a devise to the testator's then surviving children, subject to dower and homestead rights, as we have said. That was a construction of the will; it was made a part of the final judgment and as we have often held, such judgment, however erroneous, must stand unless reversed, modified, or set aside in accordance with the statutes governing appeals and retrials. *Will of Brandstedter, supra; Cline v. Whitaker* (1911), 144 Wis. 439, 441, 129 N. W. 400; *Estate of Penney* (1937), 225 Wis. 455, 464, 274 N. W. 247; *Estate of Bosse* (1944), 246 Wis. 252, 256, 16 N. W. (2d) 832. The rights given by such statutes to reverse, modify, or set aside the 1929 judgment have long expired. An attempt by the county court to do such things in 1949 is beyond its (and our) jurisdiction and is void.

The appellants and the respondent administrator have submitted argument concerning the respective merits of the two constructions of the will but, since we have determined that the one of September 24, 1929, must stand, we are not justified in giving consideration to that subject, learned as we believe their discussion to be.

*By the Court.*—Judgment entered July 12, 1949, reversed and cause remanded with directions to reinstate the judgment entered September 24, 1929.