HUFFMAN, Appellant, vs. REINKE and another, Respondents.

*December 9, 1954—January 11, 1955.*

For the appellant there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs*.

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Harry F. Knipp,* all of Janesville.

BROADFOOT, J.    Plaintiff's motions after verdict were for a new trial on the grounds that certain answers in the special verdict were contrary to the overwhelming weight of the evidence; that the damages found by the jury were inadequate and perverse; and that plaintiff was entitled to have the verdict set aside and a new trial granted in the interest of justice pursuant to the provisions of sec. 270.49, Stats.

In a memorandum decision the trial court reviewed the evidence and found that there was sufficient credible evidence to support the answers in the special verdict. A careful check of the record here makes it clear that the trial court was correct.

The same is true as to the contention that the damages found by the jury were so inadequate as to indicate perversity affecting the entire verdict.

In addition thereto the plaintiff now contends that he is entitled to a new trial because of error in the conduct of the trial. The plaintiff had requested that a question be submitted

inquiring as to the negligence of Reinke in turning his automobile to the left when such movement could not be made with reasonable safety to others. The plaintiff had also requested the court to instruct the jury as to sec. 85.175 and sec. 85.44 (1) and (2), Stats. He now claims that the court erred in failing to submit the question and to instruct the jury as requested.

These alleged errors by the court are not properly before us, as plaintiff's right to raise them here was not properly preserved by motions after verdict. However, the result would be the same if correctly raised. There was no evidence that presented an issue as to the manner in which Reinke made the left turn. Further, the question was improperly framed in that it assumed that Reinke was negligent. It was a form of question that was held to be improper in *Foemmel v. Mueller,* 255 Wis. 277, 38 N. W. (2d) 510, and *Maas v. W. R. Arthur & Co.* 239 Wis. 581, 2 N. W. (2d) 238.

The same is true as to the request for instructions. They were not in proper form. Had they been so, we would be required to hold that the court properly instructed the jury.

Finally, the plaintiff asks this court to exercise its discretionary powers under the provisions of sec. 251.09, Stats., and to grant a new trial to accomplish the ends of justice. Because of the provisions of that section we did review the claims of error in the conduct of the trial court even though proper motions had not been made. We find nothing in the record that would justify the exercise of our discretionary powers. The record shows that the plaintiff had a fair trial but because of the disputed evidence was unable to convince the jury that it should bring in a favorable verdict.

*By the Court.*—Judgment affirmed.