GUARDIANSHIP OF BARNES: GALSTER, Executrix, Appellant, vs. FIRST NATIONAL BANK OF KENOSHA, Guardian, Respondent.

*March 4—April 9, 1957.*

For the appellant there were briefs by *Lucareli & Lucareli* of Kenosha, attorneys, and *William J. H. Evans* of Racine of counsel, and oral argument by *Mr. V. J. Lucareli* and *Mr. Evans*.

For the respondent the cause was submitted on the brief of *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha.

BROADFOOT, J.  The guardian has moved to dismiss the appeal for the reason that the notices of appeal were not served until September 18, 1956, which was in excess of sixty days from the date of the entry of the order appealed from.

Sec. 324.04, Stats., provides that an appeal to this court from any order or judgment of the county court is limited to sixty days from the date of entry thereof, unless an extension of time is granted by the county court as provided in sec. 324.05. No such application appears in the record. The executrix contends that the appeal is proper under the provisions of sec. 269.51 (1) for the reason that the guardian accepted and retained the appellant's notice of appeal and the briefs in the instant case before the motion was made to dismiss, and that this constituted such participation in the proceedings in this court as to waive all objection to the jurisdiction of this appeal. The motion to dismiss was made returnable on the date the case was set for argument in this court. The guardian not only accepted and retained the briefs of the appellant but filed its own brief that contained arguments upon the merits.

In *Maas v. W. R. Arthur & Co.* 239 Wis. 581, 586, 2 N. W. (2d) 238, this court said:

"*Estate of Fish,* 200 Wis. 61, 227 N. W. 272, is cited by respondent to the point that where notice of appeal has not been timely served this court does not acquire jurisdiction although the respondent stipulates waiving the want of service and affirmatively requests that the court take jurisdiction. It is urged that if the party cannot waive by stipulation he cannot waive by conduct under a statute. There is a difference. The effect of a waiver by conduct creating a statutory

waiver is in effect a conferring of jurisdiction by the statute, not by action of the court dispensing with timely service."

In *Estate of Sweeney,* 247 Wis. 376, 19 N. W. (2d) 849, this court cited with approval the *Maas Case, supra,* when it said (p. 381):

"The parties not served, except the bishop of La Crosse, have in no way appeared in this court. What other parties have done cannot in any event be held to be a waiver of the rights of those parties who have not appeared and who have not participated. Sec. 269.51, Stats., can only apply where there has been a service of a notice within the time prescribed by statute, unless a party has participated in a proceeding in this court. Then the right of appeal does not come from the extension of time but from the statute itself. *Maas v. W. R. Arthur & Co.* (1942), 239 Wis. 581, 586, 2 N. W. (2d) 238."

In the *Sweeney Case* some necessary parties had not been served. There was still time for the appellants to make application to the county court for an extension of time to take the appeal. This court remanded the record to permit the appellants to apply for such extension under the provisions of sec. 324.05, Stats., stating that it was a matter for the trial court to pass upon and that it was within its discretion. This same rule was followed in *Estate of White,* 256 Wis. 467, 41 N. W. (2d) 776, in the following language (p. 471):

"Sec. 269.51 (1), Stats., provides that a respondent waives all objections to the regularity and sufficiency of an appeal or to the jurisdiction of the court if he participates in any proceedings in the appellate court before moving to dismiss the appeal. The record shows that respondent, White, by his attorneys, Donovan, Gleiss, Goodman, Breitenfield & Gleiss, admitted service of appellants' brief and appendix on December 7, 1949, and on the same day respondent Austin, by the same attorneys, admitted like service. No motion was made to dismiss the appeal until December 22, 1949, when respond-

ent administrator so moved. The record does not show that the briefs were ever returned or that the service was repudiated or that White has done anything herein after counsel admitted service of the brief as his attorney. Such acceptance and retention of briefs was held to be a participation in proceedings in the appellate court in *Maas v. W. R. Arthur & Co.* (1942), 239 Wis. 581, 2 N. W. (2d) 238. There the respondent also took part in settling the bill of exceptions, but that is a proceeding in the trial court (*Kitchenmaster v. Mutual Automobile Ins. Co.* (1946), 248 Wis. 335, 338, 21 N. W. (2d) 727), and as such has no influence on the question. The participation in the appellate court before moving to dismiss was the same in the *Maas Case* as it is at present and we follow the rule that we applied then, that objection to jurisdiction was waived and thereby sec. 269.51 (1) conferred upon the supreme court jurisdiction of the appeal. See also *Estate of Sweeney* (1945), 247 Wis. 376, 19 N. W. (2d) 849."

Upon the authority of said cases the motion to dismiss the appeal is denied.

Upon the merits, the record shows several instances in which the guardian was derelict in its duty. It has never filed an inventory, although with its petition filed in January, 1955, it attached a document called "A Statement for Inventory;" it never requested the appointment of appraisers, nor were any ever appointed; no annual accounts were filed. At the time the guardian was appointed its ward was the owner of land in joint tenancy with a Miss Albert, upon which was located a cottage. This property was near a lake. The cottage contained some personal property. No attempt was made to inventory the personal property within the cottage nor to find out to whom it belonged. After the death of Mr. Barnes the bank acted as Miss Albert's agent for the rental and sale of the lake property. The personal property was not removed but was delivered to the purchaser of the cottage. The guardian was derelict in its duty in that respect. Mrs. Galster made no attempt to include in the record any

proof as to the amount or value of that property but cites the matter as another dereliction of duty on the part of the guardian.

Upon examination of the vice-president, and a trust officer of the bank, he admitted that a guardian's powers cease upon the death of the ward. In spite of that knowledge the bank sought an order determining the rights of other persons, some of whom it represented, to property in its hands.

The appellant seeks to have the guardian removed because of these and other alleged derelictions. Such relief would be futile. Whether discharged or not the bank's sole duty is to settle its accounts.

The appellant also seeks the removal of the guardian's attorneys. This we cannot do. The guardian has a right to select its own attorneys. Whether all of its attorneys' fees can be charged to the trust in its hands is another matter.

It is next contended that the guardian should not be credited with any compensation or attorneys' fees. The compensation of guardians is regulated by sec. 319.37, Stats., which reads as follows:

"Every guardian shall be allowed the amount of his reasonable expenses incurred in the execution of his trust and he shall also have such compensation for his services as the court in which his accounts are settled shall deem to be just and reasonable. The court may allow the sum paid by the guardian for his bond, as provided in section 271.14."

The rules for determining the amount of compensation under that section are outlined in *Guardianship of Messer,* which was before this court twice. The first decision was reported in 242 Wis. 66, 7 N. W. (2d) 584, and the second in 246 Wis. 426, 17 N. W. (2d) 559. In each decision this court quoted with approval the rule from Restatement, 1 Trusts, p. 741, sec. 242, as follows:

"In the absence of a statute providing a definite rule fixing the amount of the trustee's compensation, the usual practice

is to allow the trustee a percentage of the amount of the annual gross income *and a percentage of the principal*. Where, however, under the circumstances such percentage would be more or less than a reasonable compensation, the court may vary it. Among the circumstances to be considered in determining the amount of compensation are: (1) The amount and character of the trust property; (2) the extent of the risk and responsibility of the trustee; (3) the character of the services rendered by the trustee; (4) the degree of difficulty in administering the trust; (5) the skill and success of the trustee in administering the trust; (6) the statutory rates of compensation for executors and administrators.

"In so far as compensation is determined upon a percentage basis, the commission upon income is ordinarily upon gross income received by the trustee, and the commission *upon principal* is ordinarily upon the net value of the principal at the time the compensation is fixed."

It will be noted that one of the tests in determining the compensation of a guardian is the character of the services rendered by the trustee. Where a guardian has been derelict in its duty, as here, that is to be taken into consideration in determining its compensation. If losses had occurred such derelictions could result in a forfeiture of compensation. The record discloses no proof of the reasonableness of the fee charged by the guardian. The determination of a reasonable fee is within the discretion of the county court upon a proper record.

The appeal from the order of February 8, 1955, which came to this court, was made necessary by the unwarranted and unauthorized act of the guardian in failing to comply with the statute by accounting to the court and turning over all of the property in its hands to the personal representative of its ward. The expenses incurred in defending its unwarranted and unauthorized action, including attorneys' fees, should be surcharged to the guardian in its final account. Upon remand of the record the county court shall determine what, if any, compensation should be credited to the guardian.

This is also true as to the attorneys' fees incurred by the guardian. The guardian is entitled to the services of an attorney when reasonably necessary and it is to be credited with a reasonable amount charged for such services.

Finally it is contended that the attorney's fees incurred by Mrs. Galster should be allowed ánd paid out of the funds in the hands of the guardian. With that we cannot agree. It is apparent that the services were rendered for Mrs. Galster individually or in her capacity as executrix of the last will and testament of George W. Barnes, deceased. Reasonable attorneys' fees will be a proper charge against that estate.

*By the Court.*—Order reversed. Cause remanded for further proceedings consistent with this opinion.