BARNARD, Receiver, Plaintiff and Respondent, v. COATES (LUCILLE) and others, Defendants: COATES (LLOYD), Defendant and Appellant: FOWLER, Intervenor and Appellant: DAWSON, Intervenor and Respondent.

*June 1—June 25, 1965.*

2

4

For the appellants there were briefs and oral argument by *Delbert E. Fowler* of Milwaukee.

For the respondent Joseph Dawson there was a brief and oral argument by *John H. Schleifer* of Benton.

*Gilbert F. Barnard,* Receiver, of Darlington, also argued.

CURRIE, C. J. These issues are raised on appeal:

(1) Should the appeal be dismissed with respect to plaintiff receiver?

(2) Has respondent Dawson waived the right to object to the timeliness of the appeal?

(3) Does either the mistake in legal description in the order for sale and in the notices of sale, or the $2,500 increase in bid made by appellant Fowler, or both, warrant this court in granting relief to appellants?

*Dismissal of Appeal as to Receiver.*

On March 6 and 8, 1965, plaintiff receiver served a notice of motion to dismiss the appeal as to him. This motion was grounded on his affidavit which alleged among other things these facts: On October 8, 1963, he was appointed receiver of Elda Kay by the circuit court for Dane county in a supplementary proceeding instituted by Henry Butler as a judgment creditor; that the instant partition action in Lafayette county court was instituted and prosecuted by authority of the Dane county circuit court; that subsequent to the partition judgment the receiver received a distributive share of the sales proceeds; that by order entered September 28, 1964, the accounts of the receiver were approved and allowed and he was discharged and the sureties on his bond released; and that he was not served with the notice of appeal until November 8, 1964 [actually November 18, 1964].

By order entered March 17, 1965, this court denied plaintiff receiver's motion without prejudice to his renewing his motion if, in our decision on the merits herein, there is any ruling that he deems prejudicial to him. The plaintiff receiver appeared at oral argument and again renewed his motion to dismiss as to him.

We have been presented with no authorities holding that a person standing in a fiduciary relationship such as receiver, trustee, or executor can remove himself from an appeal timely instituted by his own voluntary act of seeking and obtaining his discharge as a fiduciary in proceeding apart from the appeal. Therefore, we again deny plaintiff receiver's motion to dismiss.

*Waiver by Respondent Dawson of Right to Object to Timeliness of Appeal.*

The record discloses no service of a notice of entry of the trial court's order of May 21, 1964, or of the July 24, 1964,

judgment on either appellant. The record does establish, however, that a copy of such order of May 21, 1964, was personally served on appellant Lloyd Coates by the sheriff of Lafayette county on May 27, 1964, and that a copy of such order was mailed to appellant Fowler properly addressed on May 27, 1964.

Sec. 274.01, Stats., provides in part as follows:

"Except as otherwise provided the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to 3 months from service of notice of entry of such judgment or order or, if no notice is served, to 6 months from date of entry."

In *Cash v. Kruschke* (1908), 134 Wis. 130, 113 N. W. 675, sec. 3042, Stats. 1898, was the controlling statute and provided, "The time within which an appeal may be taken directly from an order is further limited to thirty days from the date of the service by either party upon the other of a copy of such order, with a written notice of the entry of the same." A notice of entry of the order appealed from had been served but not a copy of the order itself. This court held this was insufficient to trigger the thirty-day appeal period and declared (at p. 134):

"Service of a copy of the order was just as essential as service of a notice of the entry thereof to start the period of limitations running, . . ."

While this quoted language would provide strong support for holding that service of a copy of an order is not the equivalent of service of notice of entry of such order within the meaning of sec. 274.01, Stats., we find it unnecessary to decide this point here. Even if it were to be held to be the equivalent, Dawson has clearly waived the right to object to the timeliness of the appeal. This is because of his participa-

tion in the appeal by filing a brief and arguing the merits of the appeal. Sec. 269.51 (1) ; *Guardianship of Barnes* (1957), 275 Wis. 356, 82 N. W. (2d) 211.

## *Relief, If Any, to be Granted.*

The last decision of this court on the subject of the right of a court to confirm or refuse to confirm a judicial sale because of inadequacy of price is *Gumz v. Chickering* (1963), 19 Wis. (2d) 625, 121 N. W. (2d) 279. The former Wisconsin cases on the subject were so thoroughly reviewed therein that no useful purpose would be served to again do so in this opinion. As held in the *Gumz Case,* the applicable rules are as follows:

(1) The granting or refusing of an application to set aside a judicial sale rests in the sound discretion of the court and its determination will not be disturbed except for a clear abuse of discretion. [1]

(2) Such a sale will not be set aside merely because the price is inadequate unless: (a) There is also a showing of mistake, misapprehension, or inadvertence on the part of interested parties or of intending bidders which caused the failure to obtain a fair and adequate price; or (b) the inadequacy of price is sufficient to shock the conscience of the court.

Applying these rules to the instant case, and ignoring for the moment the mistake in description, there was no abuse of discretion on the part of the trial court in setting aside the first order of March 23, 1964, and entering the second order of May 21, 1964, which latter order confirmed the sale as originally made and reported by the sheriff. While the first

---

[1] An order, which set aside a sheriff's sale made in a partition suit because of an increased offer made at time of hearing the application to confirm, was reversed by this court in *Gratiot State Bank v. Martin* (1943), 242 Wis. 254, 7 N. W. (2d) 863, because there was no showing of mistake, misapprehension, or inadvertence.

order found that the additional $2,500 bid by Fowler over and above the total of the amounts bid at the sale "is of substantial nature and is of substantial benefit to the rights and interest of the parties," there was no finding of mistake, misapprehension or inadvertence. Neither was there a finding made in this first order that the total amount of the two bids made at the sale was so inadequate as to shock the conscience of the court. The second order expressly found that these prices bid at the sale "were fair, just and reasonable, and were not so disproportionate as to shock the conscience."

We turn now to the mistake in legal description which occurred both in the order for sale and in the notices for sale. This was a very serious error. Appellants' brief asserts that the effect was to advertise a 144-acre farm for sale when the farm was actually approximately 250 acres in size. According to these figures the net mistake in acreage is 106 acres, while under our computation it is 115 acres. No acreage was stated in the descriptions used in the order and notices of sale so that the mistake was not obvious to anyone who merely read these descriptions.

Appellant Fowler filed an affidavit subscribed by him in opposition to the motion to set aside the order of March 23, 1964. In this affidavit Fowler stated that because of the mistake in description he attended the original sale prepared only to finance the purchase of 144 acres and not 250 acres. He relies on this mistake in description to account for the fact that he did not bid more for the premises at the sheriff's sale. However, in spite of this affidavit, the trial court in the May 21, 1964, order, as well as the March 23, 1964, order, expressly found that the error of description "was not prejudicial to the rights of the parties." Fowler is a cousin of the three owners and it seems odd that he would not have been acquainted with the true acreage of the farm prior to sale.

There are no statements in affidavits or testimony in this record to support the trial court's finding that the error in description was not prejudicial. The record does establish that at the time of sale the sheriff had a plat showing the location and acreage of the farm which he displayed to prospective bidders. The point which has caused this court concern is that it is impossible to know whether any persons neglected to attend the sale who might have been interested in purchasing a 250-acre farm had one of that size been advertised for sale, but were not interested in a smaller farm containing 106 or 115 acres less than 250 acres. Our surmise is that this is probably not the case, and that the trial court was probably right in finding the error not to have been prejudicial. However, we are of the opinion that this error was so serious in nature that it should not be condoned and passed over as of no consequence. Therefore, we deem this is a proper situation in which to exercise our discretion under sec. 251.09, Stats., in behalf of appellant Coates, and require a new sale to be had subject to the conditions hereinafter stated.

Appellant Fowler seeks to have the order of March 23, 1964, left intact by our court reversing and setting aside the order of May 21, 1964, thus effecting a sale to him of the entire farm at a price of $19,599.50. However, Fowler is also counsel for appellant Coates on this appeal, and protection of the interest of the latter requires that he not be put in a position of jeopardy whereby less than $19,599.50 be realized from the ultimate sale. Because of this we further exercise our discretion to direct the county court on remand to do the following:

1. Order a new sale of the farm subject to a total upset price of $19,599.50.

2. Not to vacate and set aside the order of March 23, 1964 (which order will be reinstated by operation of law by our

reversal of the order of May 21, 1964), pending the holding of the new sale and the outcome of the same.

3. If a total price in excess of $19,599.50 be obtained at the new sale and the court determines to confirm such sale, the court, coincident to confirmation, shall then set aside the order of March 23, 1964.

4. If the new sale does not result in a total price being bid at the new sale in excess of $19,599.50, the results of such sale shall be reported by the sheriff to the court; the court shall enter proper findings as to what transpired at this sale; and the final judgment thereafter to be entered in the partition action shall adjudge the finality of the order of March 23, 1964, and the sale pursuant thereto to appellant Fowler.

5. A proper order or judgment should be entered setting aside any sheriff's deed heretofore issued which is in conflict with the final disposition of the farm premises ordered by the court.

We do not consider it necessary to spell out the mechanics to be followed in unscrambling the sales to Dawson and Fowler should either or both end up as not being purchasers. This unscrambling should await the outcome of the new sale. Inasmuch as plaintiff receiver and defendant owners have received a lesser distribution than they will ultimately be entitled to, there will be no necessity of requiring any refund of payment from them.

In providing for the continuation in effect of the order of March 23, 1964, pending the outcome of the new sale with the possibility that such order may in the end be validated for all purposes, we have not overlooked *McDonald v. Byrnes* (1911), 147 Wis. 139, 132 N. W. 888. That case is readily distinguishable from the instant one. There the successful purchaser at the original sale objected to having to consummate the purchase because of a serious defect in the notice of sale. Here appellant Fowler has requested that

the sale to him at the increased price, which was confirmed by the March 23, 1964, order, stand. Furthermore, we consider that by our above directions to the county court we have made certain that the title will then be confirmed in Fowler against any objections that there were irregularities in the sale to him.

*By the Court.*—The judgment and order appealed from are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. No costs shall be taxed on this appeal by either party.