KIEFER and wife, Respondents, v. STATE HIGHWAY
COMMISSION, Appellant.

*No. 234. Argued April 27, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 66.)

For the appellant there were briefs by *Robert P. Russell,* corporation counsel for Milwaukee county, and *Joseph J. Esser,* assistant corporation counsel, and oral argument by *Mr. Esser.*

For the respondents there was a brief by *Peregrine, Schimenz, Marcuvitz & Cameron* and *Hugh R. Braun,* all of Milwaukee, and oral argument by *Mr. Braun.*

HALLOWS, C. J.  The State Highway Commission attempts to raise four issues: (1) The admissibility of expert testimony concerning damages because of an agreement between the Kiefers and a third party; (2) the admission of testimony of an expert witness concerning monetary loss for inconvenience; (3) the admissibility of testimony concerning a change in zoning; and (4) errors in instructions referring to loss of business and probability of rezoning. These issues cannot be raised on this appeal as a matter of right because no written motion for a new trial was made and they were not raised with any specificity in the trial court.

At the close of the trial, the attorney for the commission orally moved to set aside the verdict and for a new trial because of errors and stated he had not had time to go into the matter but the errors were certain items of argument, admissibility of certain evidence, and certain information and evidence and the verdict appeared to be biased and prejudicial. After the oral

motion was denied, no effort was made to comply with sec. 270.49 (3), Stats., which requires, "All motions for new trials shall be reduced to writing and filed before being heard."

As early as 1957, in *Wells v. Dairyland Mut. Ins. Co.*, 274 Wis. 505, 518, 80 N. W. 2d 380, this court pointed out that where there is a trial to a jury no error of the trial court would be reviewable as a matter of right on appeal unless such error was the foundation for a motion for a new trial, if the error was of such a nature the trial court could correct by granting a new trial. The commission argues it has substantially complied with the section and with this requirement; we think not. The trial court need not work on a generalization of errors. *State v. Escobedo* (1969), 44 Wis. 2d 85, 170 N. W. 2d 709; *see also Jonas v. Northeastern Mut. Fire Ins. Co.* (1969), 44 Wis. 2d 347, 171 N. W. 2d 185; *Withers v. Tucker* (1965), 28 Wis. 2d 82, 135 N. W. 2d 776.

The motion for a new trial in this case was made as a mere formality and, by doing it orally and without specificity, clearly circumvented the policy behind the rule. A motion for a new trial is a serious and important foundation for an appeal in a jury case and should not be made in the trial court until counsel is prepared. With the increased volume of work this court now has, it does not have the time and will not consider issues not properly preserved and raised.

It is argued on the basis of sec. 269.51 (1), Stats., that since Kiefers did not move to dismiss the appeal before participating therein they waived their objection to the irregularity of the appeal. We do not consider the failure to observe the *Wells* rule to be an irregularity although failure to observe sec. 270.49 (3) might be so considered. The cases of *Estate of White* (1950), 256 Wis. 467, 41 N. W. 2d 776; *Guardianship of Barnes* (1957), 275 Wis. 356, 82 N. W. 2d 211; and *Barnard v. Coates* (1965), 28 Wis. 2d 1, 135 N. W. 2d 809, are distinguish-

able because this case involves a failure to raise specific errors which could be corrected by granting a new trial, while those involved a later service of a notice of appeal or the timeliness of appeal, which the trial court could do nothing about.

The commission argues the circumstances of this case demand that this court exercise its discretion under the provisions of sec. 251.09, Stats., and order a new trial in the interest of justice; we think not. In *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 704, 154 N. W. 2d 237, we pointed out, citing *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183, that the test under this section in criminal and civil cases was that this court must be convinced there has been a miscarriage of justice. Assuming sec. 251.09 applies, the commission has not shown any injustice. This case does not compel and this court is not inclined sua sponte to examine the merits of the issues raised. Consequently, we do not reach the merits, and the judgment appealed from must therefore be affirmed.

*By the Court.*—Judgment affirmed.