Estate of Larson : La Crosse Trust Company and others, Appellants, vs. Holmlund, Executor, Respondent.*

*October 3—November 8, 1950.*

For the appellants there was a brief by *Steele, Mau & Toepel* of La Crosse, and oral argument by *Elmer B. Mau* and *E. A. Toepel.*

* Motion for rehearing denied, with $25 costs, on February 6, 1951.

For the respondent there was a brief by *F. D. Hussa* of West Salem, and *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Mr. Hussa, Mr. Quincy H. Hale,* and *Mr. Haskell F. Lamm* of Chicago, Illinois.

FRITZ, C. J.   Peter Larson died in May, 1934, and his will was admitted to probate on May 22, 1934. In accordance with its provisions his widow, Caroline Larson, was appointed the executrix. The third paragraph of his will provided:

"I give, devise, and bequeath to my wife, Caroline Larson of Rockland, Wisconsin, all of my property, both real and personal of every kind and nature whatsoever, for her use, benefit, and enjoyment during her lifetime, with full power of sale and of making other disposition thereof, and with the right to use and enjoy the principal, as well as the interest, if she shall have need thereof for her care, comfort, or enjoyment."

In the fifth paragraph the testator bequeathed $3,000 to Leonard Larson; and in the sixth paragraph he bequeathed the residue of his property to a son and a daughter of his brother, and to the daughter of another brother. The probate of his estate was closed on November 27, 1934, by a final judgment which,—as drafted in accordance with the instructions of the then acting county judge, R. A. Richards,— provided (so far as here material) :

"That the residue of said personal estate consisting of the money, goods, chattels, rights, and credits aforesaid and the real estate hereinbefore described be and the same is hereby assigned as follows: To Caroline Larson, *in trust* for Caroline Larson, widow of said deceased, for the use, benefit, and enjoyment of said widow, during her lifetime; said trustee to provide for the said widow out of the principal, as well as the interest of said property, if said widow shall have need thereof for her care, comfort, and enjoyment; said trustee to have full power of sale of said property and of making other

disposition thereof, in accordance with paragraph third of the will of said deceased."

Caroline Larson continued as trustee of her husband's estate until she died on September 6, 1949. She had not made any annual reports or any attempt to keep the property of her husband's estate separate from her own individual property. Upon the probate of her will O. O. Holmlund, the executor thereof, filed an inventory of assets remaining in her possession at the time of her death, a large portion of which consisted of savings she had made out of income from her husband's estate. The La Crosse Trust Company, which was appointed administrator *de bonis non* of Peter Larson's estate, and said three residuary legatees under his will caused a citation to be served upon O. O. Holmlund, as executor of Caroline Larson's will, for an accounting. The proceedings therefor were then stayed by a county court order made pursuant to the executor's petition for a construction of Peter Larson's will. After a hearing pursuant to that petition, County Judge AHLSTROM filed a memorandum decision in which he determined:

"That a trust was created in the final decree by order of acting County Judge R. A. RICHARDS. This court is bound to recognize the provisions and language of that decree. The completion of probate proceedings and distribution in the estate of Peter Larson, deceased, must be via termination of the trust and distribution of the trust assets."

The determination by Judge AHLSTROM in that respect was right and, as appellants contend, Judge RICHARDS' final decree, however erroneous, must stand and is binding on the parties interested in the absence of fraud or imposition on the court, or want of jurisdiction, unless reversed, modified, or set aside in accordance with the statutes governing appeals and retrials. *Estate of White,* 256 Wis. 467, 474, 41 N. W. (2d) 776.

However, Judge AHLSTROM then found in relation to said final decree, that it,—

". . . was not in the nature, nor did it constitute a construction of the will. The court merely impressed a trust for the benefit of the widow and the remaindermen. There is no apparent attempt to construe or clarify any ambiguities, nor does it appear that the court was confronted with any ambiguities or had such purpose in mind. It does not appear that any of the parties ever requested or petitioned a clarification of any ambiguities."

Consequently, because of said omissions to then construe or clarify such ambiguities in the final decree entered by Judge RICHARDS, there must be a judicial construction of the provision in said decree that "the completion of probate proceedings and distribution in the estate of Peter Larson, deceased, must be via termination of the trust and distribution of the trust assets." The proper construction of that provision in the final decree had to be determined in accordance with the third paragraph of Peter Larson's will. In relation thereto Judge AHLSTROM stated and determined:

"The third paragraph, in dispute, is clear enough in our opinion. Testator gave his wife Caroline the use of all his estate both real and personal for her benefit and enjoyment during her lifetime and with the right to invade the corpus 'if she shall have need thereof for her use, comfort, or enjoyment.' We think the modifying clause [emphasized] and in dispute is applicable only to the invasion of the principal and is intended as an enlargement or additional gift to augment the needs, comfort, or enjoyment of the widow.
"We are fully convinced that if the testator had intended to limit his widow to a strict trust, dependent on a showing of need, with the remaindermen paramount in interest, that Attorney Z. S. Rice, with his long experience and ability would certainly have drawn such trust provision with absolute assurance of strict accomplishment. The broad power of sale and the 'and other disposition' in effect likewise negatives the interpretation claimed by the residuary legatees. The

appointment of Caroline Larson as sole executrix without bond is a further argument in support of this opinion."

· And the said third paragraph "properly construed to convey the intention of the testator as gathered from the whole will and the surrounding circumstances hereby is construed to have the force and effect that the widow, Caroline Larson, shall have a life estate in and all of the income from all of the property of said decedent, Peter Larson, with power of sale, and of making other disposition thereof, and with the right to invade, use, and enjoy the principal of all of said real and personal property belonging to said deceased, Peter Larson, if the use, enjoyment, and invasion of said principal of said real and personal property shall be necessary to provide for the care, comfort, and enjoyment of said widow, Caroline Larson."

At the time of said determination by Judge AHLSTROM the final decree had become binding (*Estate of White, supra*), and there could not then be a proceeding for the construction of the provisions in the will. However, in so far as such provisions were embodied in the final decree of November 27, 1934, in substantially the same language used in the will, and there subsequently arose the controversy as to the meaning of the decree, the proper procedure was to have a construction or clarification of such provisions therein. Consequently at that stage of the proceedings the court erred in construing the will and making the order under review in accordance with his determination as stated above,—instead of construing the decree of November 27, 1934.

*By the Court.*—Order reversed.