ESTATE OF AUSTIN: NEWPORT, Plaintiff, vs. AUSTIN and another, Defendants. [Two appeals.]

*February 7—March 6, 1951.*

580

For the plaintiff there was a brief by *Stephens, Cannon, Bieberstein & Cooper,* and oral argument by *Frank M. Coyne,* all of Madison.

For the defendant Clarke A. Austin there was a brief by *Backus & Backus* of Milwaukee, and oral argument by *August C. Backus.*

For the defendant First National Bank of Madison, trustee, there was a brief by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond.*

BROADFOOT, J.   We have recently held in three cases that the county court has no jurisdiction to construe a will after the time has expired to appeal from, or move to modify or set aside, the final judgment in an estate. *Estate of White,* 256 Wis. 467, 41 N. W. (2d) 776; *Estate of Larson,* 257 Wis. 579, 44 N. W. (2d) 535; *Estate of Lenahan,* ante, p. 404, 46 N. W. (2d) 352. That time had expired when this proceeding was instituted. The county court had no jurisdiction to hear appellant's petition to construe the will. The county court treated the petition as one for the construction of the final judgment in the estate, which it was not. In its memorandum decision the trial court said:

"The will plainly states that the provisions made for the benefit of Clarke A. Austin are for his 'personal protection and welfare;' that they are not subject to 'seizure by legal process,' and that the trustee is required to 'withhold income and principal' whenever it appears that the interest of the beneficiary is faced with a threatened diversion. I am of the opinion that this clearly empowers the trustee to withhold payments to petitioner; in fact, makes it mandatory on the trustee so to act. I find that such testamentary disposition is lawful, and it is therefore the duty of this court to see that it is carried out."

Had the matter been properly presented, we would agree with the determination of the county court. Although the

rule here applied seems harsh, proper proceedings can easily be instituted to raise the same issues sought to be accomplished by belated applications to construe a will. We do not feel that the strict enforcement of the rule announced above will deprive anyone of any rights he may have, particularly under a testamentary trust. The trial court dismissed the petition upon the merits and thus reached the right result, although it should have been dismissed for want of jurisdiction.

The guardian *ad litem* was appointed for Robert Clarke Austin on the ground that he was a minor interested in said estate. Later the same person was appointed as attorney to represent him in the proceeding because he was in the military service of the United States. Said minor was not a party to the action. The object of the action was not to obtain anything from him or for him. If any money had been recovered from the income due to Clarke A. Austin it would have belonged to the petitioner. As the minor was not a party to the action, had no financial interest in the outcome, and as the court had no jurisdiction to hear the petition, no guardian *ad litem* or attorney should have been appointed for him. In addition, the trustee has no fund out of which to pay the fees allowed. The income due to Clarke A. Austin cannot be reached for the purpose asked nor for the payment of fees. The payment of the same out of the corpus of the trust would adversely affect the interests of others not parties to the litigation. That part of the order directing the payment of fees to the guardian *ad litem* is therefore reversed.

*By the Court.*—That part of the order dismissing the petition is affirmed. That part of the order directing the trustee to pay fees to the guardian *ad litem* is reversed. Cause remanded with directions to enter an order in accordance with this decision.

FAIRCHILD, J., concurs in the result.