Estate of Larson: Holmlund, Executor, Respondent, vs. La Crosse Trust Company and others, Appellants.*

*February 7—March 4, 1952.*

* Motion for rehearing denied, with $25 costs, on May 6, 1952.

For the appellants there was a brief by *Steele, Mau & Toepel* of La Crosse, and oral argument by *Eugene A. Toepel.*

For the respondent there was a brief by *F. D. Hussa* of West Salem, and *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Mr. Hussa, Mr. Quincy H. Hale,* and by *Mr. Haskell F. Lamm* and *Mr. Frederick Hertz,* both of Chicago, Illinois.

MARTIN, J.  In May of 1934, Peter Larson died, leaving a will appointing his widow, Caroline Larson, executrix, and providing:

"Third: I give, devise, and bequeath to my wife, Caroline Larson of Rockland, Wisconsin, all of my property, both real and personal of every kind and nature whatsoever, for her use, benefit, and enjoyment during her lifetime, with full power of sale and of making other disposition thereof, and with the right to use and enjoy the principal, as well as the interest, if she shall have need thereof for her care, comfort, or enjoyment."

The final judgment assigning the estate of Peter Larson provided:

"That the residue of said personal estate consisting of the money, goods, chattels, rights, and credits aforesaid, and the real estate hereinbefore described be and the same is hereby assigned as follows:

"To Caroline Larson, in trust for Caroline Larson, widow of said deceased, for the use, benefit, and enjoyment of said widow, during her lifetime; said trustee to provide for the said widow out of the principal, as well as the interest of said property, if said widow shall have need thereof for her care, comfort, and enjoyment; said trustee to have full power of sale of said property and of making other disposition thereof, in accordance with paragraph Third of the will of said deceased."

On January 24, 1939, a hearing was had upon the petition of Caroline Larson for license to sell a certain mortgage in the estate.  The county court found that Caroline Larson was in need of the principal of the mortgage for her care, comfort, and enjoyment, and granted to her the authority and license to sell the same and "to dispose of the proceeds thereof for her own individual and absolute use and benefit—in accordance with the provisions of the will of said Peter Larson, deceased."

On January 28, 1948, Caroline Larson was declared incompetent and the La Crosse Trust Company appointed guardian. She died September 9, 1949, leaving a will in which the respondent O. O. Holmlund was appointed executor.

Caroline Larson had filed no annual reports as trustee. She had made no attempt to keep the property of her husband's estate separate from her own. Upon the probate of her will, O. O. Holmlund filed an inventory of assets in her possession at the time of her death, which consisted in part of savings she had made out of income from her husband's estate. The La Crosse Trust Company, which had been appointed administrator *de bonis non* of Peter Larson's estate, and the three residuary legatees under his will, caused a citation to be served upon the executor to settle the account of Caroline Larson as executrix of the will of Peter Larson. A hearing was had and the court construed paragraph Third of the will. Upon appeal this court held:

"At the time of said determination by Judge AHLSTROM the final decree had become binding (*Estate of White, supra* [256 Wis. 467, 41 N. W. (2d) 776]), and there could not then be a proceeding for the construction of the provisions in the will. However, in so far as such provisions were embodied in the final decree of November 27, 1934, in substantially the same language used in the will, and there subsequently arose the controversy as to the meaning of the decree, the proper procedure was to have a construction or clarification of such provisions therein." *Estate of Larson* (1950), 257 Wis. 579, 583, 44 N. W. (2d) 535.

Thereafter, the appellants here petitioned the county court to require the executor of the Caroline Larson estate to file a report accounting for all funds received by Peter Larson's widow, and O. O. Holmlund petitioned for a construction of the final judgment in the estate of Peter Larson.

As this court observed in the quotation above, the language of the final decree is substantially the same as that used in

the will, except that the judgment used the words "in trust" and "trustee."

By the use of the language "in accordance with paragraph Third of the will of said deceased," the intention of the testator expressed in said paragraph is incorporated in the final judgment. If we look at that paragraph of the will, we find the usual and customary language employed to give a widow a life estate with the right to invade the principal if that should be necessary to provide for her care, comfort, or enjoyment.

It was not necessary for the court to apply any rules of construction to paragraph Third of the will since the language there used was clear and unambiguous. The widow was given a life estate. When the "use" of property is given to a donee under the will, the word "use" is synonymous with giving a "life estate." 66 C. J., Use, p. 69. Thus, the accumulations of income became her separate property. See *Allen v. Boomer* (1892), 82 Wis. 364, 372, 52 N. W. 426; *Evans v. Kemp* (1899), 104 Wis. 87, 80 N. W. 98. The fact that the testator specifically provided that she should have "the right to use and enjoy the principal, as well as the interest, if she shall have need thereof for her care, comfort, or enjoyment" makes it clear that it was his intent to grant her an absolute life estate. Appellants' argument that the clause, "if she shall have need thereof for her care, comfort, or enjoyment," limits the gift to a life *support* estate is not sound, regardless of the punctuation employed in that paragraph of the will. Such a limitation would be hostile to the nature of the gift.

"An absolute gift of income is not cut down or reduced by a subsequent gift of power to make use of the principal if necessary, . . ." 3 Page, Wills (lifetime ed.), p. 435, sec. 1156.

"It is a general rule that 'where there is a gift to a person indefinitely, with a superadded power of disposal, the donee takes an absolute estate.' " *Will of Zweifel* (1927), 194 Wis. 428, 435, 216 N. W. 840, and cases cited.

Appellants further argue that the final judgment construed the will to create a trust and that by assigning the estate to Caroline Larson, as trustee, the court denied the existence of a life estate and determined that Caroline Larson was to receive only "necessary support" from the trust fund. Nothing in the judgment limits the use of the estate to "necessary support." It employs the words "use, benefit, and enjoyment" and "care, comfort, and enjoyment." We cannot see that the language used denies the existence of a life estate, since, in providing that she should have "full power of sale of said property and of making other disposition thereof, in accordance with paragraph Third of the will of said deceased," it clearly expresses the intention of the court to give full effect to that paragraph of the will.

In assigning the property in trust to Caroline Larson for her use and benefit during her lifetime and the remainder to the three individual appellants, the county court recognized the principle of law that:

"The life tenant is a trustee in the sense that he cannot injure or dispose of the property to the injury of the rights of the remainderman but he differs from a pure trustee in that he may use the property for his exclusive benefit and take all the income and profits." 31 C. J. S., Estates, p. 42, sec. 34.

It was recognized in *Estate of Lenahan* (1951), 258 Wis. 404, 407, 46 N. W. (2d) 352, that:

"It is common practice for county judges in Wisconsin to assign the remaining personal estate of a testator in trust where a life estate is created by the will as an orderly and efficient means of carrying out the terms of the will, even though a trust is not provided for therein by express words."

There is nothing in the record to show that Caroline Larson did not manage the property in this estate carefully, although annual reports were not required of her and none were ever filed.

Respondent filed two reports for the trust of Caroline Larson and the court found that they are as accurate and detailed as the available data make possible. Appellants contend that they have been denied the opportunity to challenge the reports, and seek to examine the respondent further regarding the accounting. O. O. Holmlund testified that he had no personal knowledge regarding the funds handled by Caroline Larson, and that the reports which he filed had been prepared by his attorney. After Mrs. Larson's death respondent found a barrel and a number of boxes containing old account books and scraps of paper on which she had noted items of income and disbursements. The reports were prepared after a careful examination of this material, and respondent offered appellants the opportunity of making their own inspection of it. Under these circumstances it is understandable that no very detailed accounting could be arrived at; and there is nothing in the record which would justify this court in reversing the finding that the respondent's reports are as adequate as the circumstances permit. No purpose would be served in allowing further examination of respondent with regard to an accounting. He admitted that he knew nothing of his own knowledge about the handling by Caroline Larson of her husband's estate, and the only sources of information he had with regard thereto were equally available to appellants.

There is nothing to support appellants' contention that the trial court was "maneuvered" into considering the final judgment instead of the accounting and that they were deprived of the opportunity to present evidence relative to the accounting. The court did consider the accounting, found that it was as accurate as could be made under the circumstances, and we must assume that appellants submitted whatever evidence they had on that question.

*By the Court.*—Order and judgment affirmed.