**Richard E. STAFFORD, as Executor of the Estate of Irving John Stafford, deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 64-C-5.**

United States District Court
E. D. Wisconsin.

Dec. 11, 1964.

8. ORS 14.210(b).

Richard R. Teschner and Dale L. Sorden, Milwaukee, Wis., Arthur P. Remley, Neenah, Wis., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., and Donald R. Anderson, Attys., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for the refund of additional estate taxes paid by the plaintiff as a result of a determination by the Internal Revenue Service that the deceased possessed a general power of appointment over assets of a trust established under the will of decedent's wife. There are cross-motions for summary judgment.

Marjorie L. Stafford died February 24, 1957. Article Second of her will read:

> "*Second:* All the rest, residue and remainder of my property, of whatever kind and description, real, personal or mixed, I give, devise and bequeath to my husband, Irving John, for his use, benefit and enjoyment during his lifetime, with full power of sale and making other disposition thereof without permission of any court, and with the right to use and enjoy the principal, as well as the income, if he shall have need thereof for his care, comfort or enjoyment. Whatever portion of my said property which remains at the time of my husband's death, I give, devise and bequeath to my son Richard, if he is then living, or if not, to his children in equal shares."

The property covered by this provision was assigned to the husband in trust, as is the common practice in Wisconsin. The income from this trust was paid to the decedent until his death on November 18, 1960.

The estate tax return filed by the plaintiff was audited, and the Internal Revenue Service determined that the decedent had a general power of appointment over the property passing to the decedent under the second article of the wife's will. Consequently the value of that property at the time of decedent's death was included in his gross estate. The resultant additional tax was paid and a claim made for its refund. When the claim was rejected, this action was commenced.

The parties have stipulated to these facts and that they are the only material facts in the case.

The additional taxes were imposed under Section 2041 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2041, which provides that the value of a gross estate shall include the value of all property with respect to which the decedent had, at the time of his death, a general power of appointment. Section 2041(b) (1) (A) reads:

> "A power to consume, invade, or appropriate property for the benefit of the decedent which is limited by an ascertainable standard relating to the health, education, support, or maintenance of the decedent shall not be deemed a general power of appointment."

The issue in this case is: Was the power vested in Irving John Stafford

under the second article of his wife's will "to use and enjoy the principal, as well as the income, if he shall have need thereof for his care, comfort or enjoyment" a power that was "limited by an ascertainable standard relating to the health, education, support, or maintenance" of Irving John Stafford?

The determination of this question involves an examination of Wisconsin law to determine the extent to which the decedent would have been able to invade the principal of the trust for his own purposes. Once this is done, it is necessary to determine if the federally established ascertainable standard has been met.

There are no Wisconsin cases directly in point. There is one Wisconsin case where the will provision involved was substantially the same as the provision in the present case. Estate of Larson, 261 Wis. 206, 52 N.W.2d 141 (1952). The Wisconsin Supreme Court held that the widow was given an absolute life estate and rejected the argument that the power to invade the principal "if she shall have need thereof for her care, comfort and enjoyment" limited the gift to a life support estate. The court quoted at page 210, 52 N.W.2d at page 143, from 3 Page, Wills, § 1156: " 'An absolute gift of income is not cut down or reduced by a subsequent gift of power to make use of the principal if necessary.' * * * *"

This case would be authority that the language used created an absolute gift of the income. The court did not address itself to the extent to which the principal could be invaded under the language employed other than to comment that the language was the usual and customary kind used "to give a widow a life estate with the right to invade the principal if that should be necessary to provide for her care, comfort or enjoyment." Estate of Larson, supra, at 210, 52 N.W. 2d at 143.

In Will of Doerfler, 225 Wis. 418, 273 N.W. 460 (1937), the decedent willed his property to his wife "for her use and enjoyment during her life" with a gift over at her death. The court examined this operative language and compared it with other language in the will and, further, the court studied the surrounding circumstances. It then approved the trial court's interpretation that the widow had been given income for life and "could expend such part of the principal of said estate as in her judgment and discretion would be necessary for her proper support." In the present case, the aids to construction used in Doerfler are not available. The holding there must be limited to the facts in that case.

The Wisconsin cases relied upon by counsel for the plaintiff do not reveal what limits the Wisconsin Supreme Court would place on a power to invade principal for care, comfort, or enjoyment.

The word "enjoyment" indicates that the principal could be invaded for purposes other than health, education, support, and maintenance. That word connotes consolation, contentment, ease, happiness, pleasure, and satisfaction. Black, Law Dictionary 623 (4th ed. 1951).

A power to invade principal for those purposes, if limited at all, is not limited by an ascertainable standard relating to the health, education, support, or maintenance of the person possessing such a power.

In view of the foregoing, it appears that Irving John Stafford possessed a general power of appointment, for estate tax purposes, of the property which passed to him under his wife's will. The value of the property was properly included in his gross estate.

The Court adopts the stipulation of facts as its findings of fact. Conclusions of law are as stated in the foregoing opinion.

Plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted. The clerk is directed to enter judgment accordingly.