BENJAMIN SOUTHWICK, Corporation Counsel Richland County
You indicate that Pine Valley Manor is an institution operated by Richland County pursuant to section 46.18, Stats. You also state that:
 Some time ago a Richland County resident, now deceased, specified in her Last Will and Testament that one-half of the residual of her estate should go "to Pine Valley Manor". The Will was entirely silent as to the use to which the monies, which amount to *Page 126 
over $50,000.00, were to be put except to state that the money (liquid assets) was to go "to Pine Valley Manor".
You ask two questions concerning the handling of this bequest. One question is, "which body governs the disposition of the decedent's testamentary gift, the Board of Supervisors of Richland County or the Board of Trustees of Pine Valley?"
I am of the opinion that the Board of Supervisors determines how such a bequest will be utilized.
Section 46.18 provides in part:
 Trustees of county institutions. (1) TRUSTEES. Every county home, infirmary, hospital, tuberculosis hospital or sanatorium, or similar institution, or house of correction established by any county whose population is less than 500,000 shall (subject to regulations approved by the county board) be managed by a board of trustees, electors of the county, chosen by ballot by the county board. . . .
. . . .
 (11) COUNTY APPROPRIATION. The county board shall annually appropriate for operation and maintenance of each such institution not less than the amount of state aid estimated by the trustees to accrue to said institution; or such lesser sum as may be estimated by the trustees to be necessary for operation and maintenance.
Under section 46.18 (1), the power granted to the trustees is limited to the day-to-day management of the institution, and such power is expressly limited by other statutes and may be further limited by regulations of the county board. See 47 Op. Att'y Gen. 315, 316 (1958); 44 Op. Att'y Gen. 284, 285 (1955); 39 Op. Att'y Gen. 330, 331 (1950).
The general rule is that "the finances of the institution are in control of the county board except so far as they are limited by statute." 21 Op. Att'y Gen. 59, 63 (1932). Section 46.18 does not expressly authorize the trustees to accept bequests. In this case, a specific statute is therefore controlling. Section 59.07
(17) authorizes the county board to "[a]ccept donations, gifts or grants for any public governmental purpose within the powers of the county." Moreover, sections 46.18 (11) and 59.07 (5) clearly indicate that the authority to make budgetary decisions for county institutions resides with the *Page 127 
county board, as opposed to the trustees. Because this statutory scheme indicates that budgetary decisions are initially a policy matter vested in the county board, I conclude that the trustees' management function does not extend to the acceptance or disposition of the $50,000 bequest.
You also indicate that it has been suggested that the $50,000 bequest be placed in long-term investments, with the income to be expended at Pine Valley Manor. You therefore ask whether, absent the existence of a sinking fund for a long-term capital project at Pine Valley Manor, the bequest must be expended in the budget year in which it is received.
I am of the opinion that the bequest need not be expended in the budget year in which it is received and that the bequest may be placed in long-term investments.
It is true that surplus public monies generally may not be set aside for capital improvements unless the municipality has established a sinking fund and made a determination that the monies in that fund will be spent on a specific capital project.See Barth v. Monroe Board of Education, 108 Wis.2d 511,322 N.W.2d 694 (Ct. APP. 1982); Fiore v. Madison, 264 Wis. 482,59 N.W.2d 460 (1953); Immega v. Elkhorn, 253 Wis. 282, 34 N.W.2d 101
(1948). The rationale of these cases is that a sinking fund may not be established in the absence of an "effective determination, undertaking or commitment to incur any binding obligation for . . . building." Immega, 253 Wis. at 282.
I am not persuaded that Immega is applicable to the fact situation you describe. First, Immega applies only to capital projects. Second, Immega and subsequent cases were not intended to extinguish "the power to run local affairs in the manner sound businesses are run." See Barth, 108 Wis.2d at 518. Finally, the will itself specifies that the bequest be used for a specific purpose — the funds must be spent at Pine Valley Manor. Thus, acceptance of the bequest pursuant to section 59.07 (5) is tantamount to earmarking the funds for a specific purpose. In addition, sections 59.07 (101) and 59.75 specifically permit the county board to authorize the county treasurer to invest funds under certain carefully enumerated conditions. The county board also has the authority to use all or part of the principal for expenditures at Pine Valley Manor. I therefore conclude that, if it chooses to do so, the county board may utilize these statutes to place *Page 128 
all or part of the bequest in long-term investments, with the income to be expended at Pine Valley Manor.
Finally, you note in your request that the decedent "could have specified in her Last Will and Testament that the money be invested and that the income be used for a certain purpose," from which you tentatively conclude that "in absence of her having done so, the money may not be so utilized." As I have indicated, it is my opinion that this bequest could be invested in a manner which is consistent with sections 59.07 (5), 59.07 (101) and59.75. However, you may want to seek the assistance of the probate court if you believe that such a procedure may not be consistent with the terms of the will or the terms of the final decree. See Estate of Larson, 257 Wis. 579, 44 N.W.2d 535 (1950).
BCL:FTC