**ESTATE OF Norman H. VISSERING, Deceased, Elizabeth L. Lafferty, Executrix, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 91–9024.

United States Court of Appeals, Tenth Circuit.

April 6, 1993.

Douglas M. Cain, Sherman & Howard (Raymond J. Turner and Katherine F. Beckes, with him on the briefs), Denver, CO, for petitioner-appellant.

Robert W. Metzler, Atty., Tax Div. (James A. Bruton, Acting Asst. Atty. Gen., and Robert S. Pomerance, Atty., Tax Div., with him on the brief), Dept. of Justice, Washington, DC, for respondent-appellee.

John B. Jones, Jr. and Thomas H. Odom of Covington & Burling, Washington, DC, and John A. DeVault, III of Bedell, Dittmar, DeVault & Pillans, Jacksonville, FL, filed a brief of amicus curiae on behalf of their law firms.

Before McKAY, Chief Judge, LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

The estate of decedent Norman H. Vissering appeals from a judgment of the Tax Court determining that he held at his death a general power of appointment as defined by I.R.C. § 2041, and requiring that the assets of a trust of which he was cotrustee be included in his gross estate for federal estate tax purposes. The appeal turns on whether decedent held powers permitting him to invade the principal of the trust for his own benefit unrestrained by an ascertainable standard relating to health, education, support, or maintenance. The trust was created by decedent's mother in Florida and specifies that Florida law controls in the interpretation and administration of its provisions.

The estate argues that decedent was not a trustee at the time of his death because a New Mexico court's adjudication that he was incapacitated two months before his death divested him of those powers. Decedent was not formally removed as trustee; if he ceased to serve it was by operation of Florida law. However, we assume for purposes of this opinion that decedent continued as trustee until his death and that his powers are to be adjudged as if he were fully competent to exercise them at the time of his death.[1]

The trust at issue was created by decedent's mother, and became irrevocable on her death in 1965. Decedent and a bank served as cotrustees. Under the dispositive provisions decedent received all the income from the trust after his mother's death. On decedent's death (his wife, a contingent beneficiary, predeceased him),

---

**1.** We observe that the Internal Revenue Service could have vitiated this issue, although it did not, by asserting that decedent's release of his power of appointment upon cessation of his trusteeship was made within three years of his death. I.R.C. § 2035 declares that all property of which decedent "has at any time made a transfer, by trust or otherwise, during the 3–year period ending on the date of the decedent's death," with exceptions not here applicable, shall be included in decedent's gross estate for estate tax purposes. *Id.* § 2035(a). *See also* Treas.Reg. § 20.2041–3(d). The same might have been accomplished under the unified credit scheme of the Code, by assessing a gift tax under I.R.C. § 2514(b) and then combining the gifts with the estate under I.R.C. §§ 2010, 2012.

remaining trust assets were to be divided into equal parts and passed to decedent's two children or were held for their benefit. Decedent developed Alzheimer's disease and entered into a nursing home in 1984, but he tendered no resignation as trustee, nor did his guardian or conservator do so on his behalf after he was found to be incapacitated.

The Tax Court's decision, based entirely upon stipulated facts, resolved only questions of law, and consequently our review is de novo. *First Nat'l Bank v. Commissioner*, 921 F.2d 1081, 1086 (10th Cir.1990).

Under I.R.C. § 2041 a decedent has a general power of appointment includable in his estate if he possesses at the time of his death a power over assets that permits him to benefit himself, his estate, his creditors, or creditors of his estate. A power vested in a trustee, even with a cotrustee who has no interest adverse to the exercise of the power, to invade principal of the trust for his own benefit is sufficient to find the decedent trustee to have a general power of appointment, unless the power to invade is limited by an ascertainable standard relating to health, education, support, or maintenance. Treas.Reg. § 20.2041–1(c), –3(c)(2). *See, e.g., Estate of Sowell v. Commissioner*, 708 F.2d 1564, 1568 (10th Cir. 1983) (invasion of trust corpus in case of emergency or illness is an ascertainable standard under § 2041(b)(1)(A)); *Gaskill v. United States*, 561 F.Supp. 73, 78 (D.Kan. 1983) (life estate with power of disposition but not to consume the proceeds did not create general power of appointment under § 2041(b)(1)(A)), *aff'd mem.*, 787 F.2d 1446 (10th Cir.1986); *see also Merchants Nat'l Bank v. Commissioner*, 320 U.S. 256, 261, 64 S.Ct. 108, 111, 88 L.Ed. 35 (1943) (invasion of trust corpus for "the comfort, support, maintenance and/or happiness of my wife" is not a fixed standard for purposes of charitable deductions); *Ithaca Trust Co.*

*v. United States*, 279 U.S. 151, 154, 49 S.Ct. 291, 291, 73 L.Ed. 647 (1929) (invasion of trust corpus for any amount "that may be necessary to suitably maintain [decedent's wife] in as much comfort as she now enjoys" is a fixed standard for purposes of charitable deduction).

The relevant provisions of the instant trust agreement are as follows:

> During the term of [this trust], the Trustees shall further be authorized to pay over or to use or expend for the direct or indirect benefit of any of the aforesaid beneficiaries, whatever amount or amounts of the principal of this Trust as may, in the discretion of the Trustees, be required for the continued comfort, support, maintenance, or education of said beneficiary.

Tax Ct. ex. 3–C at 5–6. The Internal Revenue Service (IRS) and the Tax Court focused on portions of the invasion provision providing that the trust principal could be expended for the "comfort" of decedent, declaring that this statement rendered the power of invasion incapable of limitation by the courts.

■ We look to state law (here Florida's) to determine the legal interests and rights created by a trust instrument, but federal law determines the tax consequences of those interests and rights. *Morgan v. Commissioner*, 309 U.S. 78, 80, 60 S.Ct. 424, 425–26, 84 L.Ed. 585 (1940); *Maytag v. United States*, 493 F.2d 995, 998 (10th Cir. 1974). The absence of clear and controlling state precedent regarding the use of the term "comfort" in trust documents for purposes of determining a general power of appointment under federal estate tax law has prompted the estate and amici to request that we certify this question to the Supreme Court of Florida. Because recent changes in Florida trust law significantly curtail the number of trusts that might be affected by such a certification,[2] and be-

---

**2.** In 1990 the Florida legislature amended its law governing trusts such as the one before us to limit a trustee beneficiary's power to make distributions of principal or income to himself sufficiently to eliminate its inclusion in the trustee's estate as a general power of appointment under § 2041(b)(1)(A). Fla.Stat.Ann.

§ 737.402(4)(a). The statute applies to all instruments executed after June 30, 1991, and to preexisting trusts unless the settlor amends the instrument to negate the effect of the statute before the later of July 1, 1994, or three years after the date on which the trust becomes irrevocable. *Id.* § 737.402(4)(b). The statute does

cause the language of each trust document in any event requires individualized attention, we deny the motion to certify to the Florida Supreme Court.

■ Despite the decision in *Barritt v. Tomlinson*, 129 F.Supp. 642 (S.D.Fla.1955), which involved a power of invasion broader than the one before us, we believe the Florida Supreme Court would hold that a trust document permitting invasion of principal for "comfort," without further qualifying language, creates a general power of appointment. Treas.Reg. § 20.2041–1(c). *See First Virginia Bank v. United States*, 490 F.2d 532, 533 (4th Cir.1974) (under Virginia law, right of invasion for beneficiary's "comfort and care as she may see fit" not limited by an ascertainable standard); *Lehman v. United States*, 448 F.2d 1318, 1320 (5th Cir.1971) (under Texas law, power to invade corpus for "support, maintenance, comfort, and welfare" not limited by ascertainable standard); *Miller v. United States*, 387 F.2d 866, 869 (3d Cir.1968) (under Pennsylvania law, power to make disbursements from principal in amounts "necessary or expedient for [beneficiary's] proper maintenance, support, medical care, hospitalization, or other expenses incidental to her comfort and well-being" not limited by ascertainable standard); *Estate of Schlotterer v. United States*, 421 F.Supp. 85, 91 (W.D.Pa.1976) (power of consumption "to the extent deemed by [beneficiary] to be desirable not only for her support and maintenance but also for her comfort and pleasure" not limited by ascertainable standard); *Doyle v. United States*, 358 F.Supp. 300, 309–10 (E.D.Pa.1973) (under Pennsylvania law, trustees' "uncontrolled discretion" to pay beneficiary "such part or parts of the principal of said trust fund as may be necessary for her comfort, maintenance and support" not limited by ascertainable standard); *Stafford v. United States*, 236 F.Supp. 132, 134 (E.D.Wisc.1964) (under Wisconsin law, trust permitting husband "for his use, benefit and enjoyment during his lifetime," unlimited power of disposition thereof "without permission of any court, and with the right to use and enjoy the principal, as well as the income, if he shall have need thereof for his care, comfort or enjoyment" not limited by ascertainable standard).

■ However, there is modifying language in the trust before us that we believe would lead the Florida courts to hold that "comfort," in context, does not permit an unlimited power of invasion. The instant language states that invasion of principal is permitted to the extent *"required for the continued comfort"* of the decedent, and is part of a clause referencing the support, maintenance and education of the beneficiary. Invasion of the corpus is not permitted to the extent "determined" or "desired" for the beneficiary's comfort but only to the extent that it is "required." Furthermore, the invasion must be for the beneficiary's "continued" comfort, implying, we believe, more than the minimum necessary for survival, but nevertheless reasonably necessary to maintain the beneficiary in his accustomed manner of living. These words in context state a standard essentially no different from the examples in the Treasury Regulation, in which phrases such as "support in reasonable comfort," "maintenance in health and reasonable comfort," and "support in his accustomed manner of living" are deemed to be limited by an ascertainable standard. Treas.Reg. § 20.2041–1(c)(2). *See, e.g., United States v. Powell*, 307 F.2d 821, 828 (10th Cir.1962) (under Kansas law, invasion of the corpus if "it is necessary or advisable ... for the maintenance, welfare, comfort or happiness" of beneficiaries, and only if the need justifies the reduction in principal, is subject to ascertainable standard); *Hunter v. United States*, 597 F.Supp. 1293, 1295 (W.D.Pa.1984) (power to invade for "comfortable support and maintenance" of beneficiaries is subject to ascertainable standard).

We believe that had decedent, during his life, sought to use the assets of the trust to

not apply to the situation before us, of course, because this decedent died in 1988. In light of the amendments, however, there cannot be a

large number of Florida trusts in which the parties in interest have no power to accept or negate the statutory change.

increase significantly his standard of living beyond that which he had previously enjoyed, his cotrustee would have been obligated to refuse to consent, and the remainder beneficiaries of the trust could have successfully petitioned the court to disallow such expenditures as inconsistent with the intent of the trust instrument. The Tax Court erred in ruling that this power was a general power of appointment includable in decedent's estate.

REVERSED and REMANDED.